UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY DALE LIFER,

                Petitioner,                Case No. 1:17-cv-210

v.                                    Honorable Paul L. Maloney

SHIRLEE HARRY,

                Respondent.

_____/

### REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner Anthony Dale Lifer is presently incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. On April 25, 2013, Petitioner entered a plea of nolo contendere to a charge of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(b). On May 28, 2013, the court sentenced Petitioner as a habitual offender-second offense, MICH. COMP. LAWS § 769.10, to a term of imprisonment of 15 to 40 years.

Petitioner filed an application for leave to appeal his conviction and sentence in the Michigan Court of Appeals. That court denied leave by order entered April 18, 2014. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That court denied leave by order entered July 29, 2014. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. The ninety-day period for filing such a petition expired on October 27, 2014.

Petitioner filed a motion for relief from judgment in the trial court on April 6, 2015, 160 days after the deadline for filing a petition for writ of certiorari. The trial court denied Petitioner's motion by opinion and order entered April 27, 2015. Petitioner sought leave to appeal the denial in the Michigan Court of Appeals and then the Michigan Supreme Court. Those courts denied leave by orders entered September 24, 2015 and June 28, 2016, respectively.

Petitioner placed this habeas petition in the prison mailing system on March 3, 2017, 249 days after the Michigan Supreme Court denied Petitioner's final application for leave to appeal.[1]

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 29, 2014. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 27, 2014. Petitioner had one year, until October 27, 2015, to file his habeas application. Petitioner filed on March 3, 2017. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the state court has completed its review. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed a post-conviction motion for collateral review on April 6, 2015, after 160 days had run on the statute. His filing tolled the running of the statute until the Michigan Supreme Court entered its order denying leave to appeal on June 28, 2016. At that time, Petitioner has 205 days to file his petition. The period of limitation expired on January 19, 2017. Petitioner's March 3, 2017, petition therefore is untimely.

- 4 -

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Although Petitioner's habeas petition argues that he was incompetent at the time of his plea and sentencing, the trial court indicates that Petitioner was competent and that Petitioner was erroneously conflating his mental illness, for which he was receiving treatment, with incompetence.

(Op. and Order, ECF No. 1-1, PageID.38.)  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329.  In its opinion denying Petitioner's motion for relief from judgment, the trial court notes that Petitioner, after waiving his *Miranda* rights, admitted the crimes in his initial interview with police.  (Op. and Order, ECF No. 1-1, PageID.37-38.)  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: May 18, 2017                    /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge



### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).