UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Anthony Dale Lifer, )<br>　　Petitioner, )<br>　　　　　　　　　　) | No. 1:17-cv-210 |
| -v- ) | |
| 　　　　　　　　　　) | HONORABLE PAUL L. MALONEY |
| Shirlee Harry, )<br>　　Respondent. )<br>　　　　　　　　　　) | |

# OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Anthony Dale Lifer's objections to the Report and Recommendation (R&R) issued by Magistrate Judge Ray Kent. (ECF No. 9.) On March 6, 2017, Petitioner filed a habeas corpus petition for relief from a state court decision under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner was granted *informa pauperis* status. (ECF No. 8.) The matter was referred to the Magistrate Judge, who recommended the petition be denied at time barred after a detailed explanation of the appropriate tolling calculations. Put simply, "[t]he period of limitation expired on January 19, 2017," but Petitioner did not file his petition until March 3, 2017. (ECF No. 9 at PageID.88.) Petitioner filed the instant objections. (ECF No. 10.)

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R), a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court

1

judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

On de novo review, habeas corpus petitions, such as this one, are governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); see *Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (per curiam).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); see *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see *White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted)

## Analysis

Petitioner offers three discernible objections, all of which lack merit.

First, Petitioner argues that since "he claimed in his Motion for Relief from Judgment that he [sic] suffered from multiple jurisdictional defects that have no time limits," his petition under § 2254 cannot be time barred. That is not accurate. While it is true that "[a] jurisdictional defect cannot be waived or procedurally defaulted," *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002), Petitioner's claim here remains time barred; the Tenth Circuit explained why that is so in another case raising similar claims:

> Morales does not attack the district court's time calculations under the statute but argues subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue. This argument is without support in the law. In his state post-conviction proceedings, Morales claimed the trial court lacked jurisdiction over his crime and was denied relief. Insofar as the claim raises a violation of state law, it is not cognizable in a federal habeas action. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Morales' claim is only cognizable in federal habeas to the extent that it raises a violation of the United States Constitution or federal law. See 28 U.S.C. § 2254(a). "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Morales makes no argument to differentiate this case from any other due process violation. As with any other habeas claim, it is subject to dismissal for untimeliness. *See, e.g., United States v. Patrick*, 264 F. App'x 693, 694-95 (10th Cir. 2008) (unpublished) (affirming district court's dismissal of untimely habeas petition challenging convicting court's jurisdiction); *c.f. Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time barred under AEDPA).

*Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011).

Next, Petitioner baldly argues he "raised meritorious issues of his competence and a lack of evaluation and competency hearing, the failure of Defense Counsel to represent him to the point of abandonment, and the fact that Petitioner was denied his statutory right to a polygraph examination to prove his innocence which denied him an opportunity to present

4

a defense." (ECF No. 10 at PageID.96.) But, he does not rebut the Magistrate Judge's calculation that *all* claims are time barred and does not argue for equitable tolling. (*See id.*)

Finally, Petitioner asserts "an evidentiary hearing is necessary"; but one is not necessary for a determination that his claims are time barred. Therefore, Petitioner's objections to the Magistrate Judge's recommendation must be overruled.

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

5

Examining petitioner's claims under the standard in *Slack*, reasonable jurists would not find debatable the Court's determination that petitioner's claims are time barred, particularly since Petitioner has not even attempted to argue grounds for equitable tolling. Accordingly, Petitioner's certificate of appealability is **DENIED.**

## ORDER

For the reasons discussed in the accompanying opinion: Petitioner's objections are **OVERRULED** (ECF No. 10); the Magistrate Judge's report and recommendation is **ADOPTED** (ECF No. 9); Petitioner's petition is **DENIED** (ECF No. 1); and a certificate of appealability is **DENIED.**

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:** July 14, 2017                                      /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge